# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

No. 7:15-CV-14-FL

| | |
|---|---|
| EDWARD W. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER AND |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| WASTE MANAGEMENT OF WILMINGTON, | ) |
| TAMMIE HOFFMAN, LAURA SNOW and | ) |
| DONOVAN DUKES, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on Plaintiff's Motion in Limine [DE-23] and Motion to Take Judicial Notice [DE-31] and Defendants' Motion to Dismiss [DE-24]. Plaintiff's motions are considered here for determination in accordance with 28 U.S.C. § 636(b)(1)(A); Defendants' motion to dismiss is considered here as a recommendation to the District Court in accordance with 28 U.S.C. § 636(b)(1)(B). All matters raised in the motions have been fully briefed and are ripe for a decision. For the reasons that follow, Plaintiff's Motion in Limine [DE-23] and Motion to Take Judicial Notice [DE-31] are denied and it is recommended that Defendants' Motion to Dismiss [DE-24] be allowed.

## I. BACKGROUND

On January 16, 2015, Plaintiff Edward W. Anderson ("Plaintiff"), proceeding *pro se*, filed a complaint against Defendants Waste Management of Wilmington ("Waste Management"), Tammie Hoffman ("Hoffman"), Laura Snow ("Snow") and Donovan Dukes ("Dukes") for alleged discriminatory conduct and employment practices. [DE-1]. On the same date, the Clerk of Court issued summonses against each named party addressed to 3920 River Road, Wilmington, North

Carolina 28402. [DE-3]. The Clerk of Court issued a letter to Plaintiff enclosing the summonses and advising Plaintiff to serve the summonses along with other case-opening documents upon Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. [DE-4]. On May 11, 2015, Plaintiff filed five certified mail return receipts as proof of service upon Defendants. [DE-6]. On May 18, 2015, counsel for all Defendants filed a notice of appearance and promptly moved to extend the time in which to answer or otherwise respond to Plaintiff's complaint. [DE-7 through -11]. On May 20, 2015, Plaintiff filed an amended complaint against Defendants asserting claims of employment discrimination and wrongful discharge. [DE-18]. On June 5, 2015, Plaintiff filed a motion in limine addressing matters presented in Plaintiff's administrative proceedings before the Equal Employment Opportunity Commission ("EEOC"). [DE-23]. In lieu of filing an answer, on June 19, 2015, Defendants filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure. [DE-24]. Defendants argue Plaintiff's summons against Waste Management is invalid as it failed to name the proper party, Plaintiff has failed to properly serve Hoffmann and Waste Management, and Plaintiff's amended complaint fails to state a claim for which relief can be granted. *Id.*

## II. FACTUAL ALLEGATIONS

In the Amended Complaint [DE-18], Plaintiff claims Waste Management, his former employer, terminated his employment on the basis of his race (¶¶ 37-123) and in retaliation for his opposition to discriminatory employment practices (¶¶ 124-138), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et al., and that his discharge was wrongful under North Carolina tort law (¶¶ 139-258). Plaintiff alleges he was discharged following an investigation of his alleged insubordination and misconduct made by Dukes, a supervisory employee. *Id.* ¶¶ 4, 14, 16.

2

Plaintiff also seeks relief under 42 U.S.C. §§ 1981, 1981A, and 1988. *Id.* ¶¶ 8-9. The relevant facts as alleged by Plaintiff in the Amended Complaint are summarized as follows.

Plaintiff, an African-American male, was employed by Waste Management as a Swing Driver in its commercial front loader and roll-off divisions beginning December 8, 2013 until he was terminated on July 14, 2014. *Id.* ¶¶ 2, 13, 15, 28. On or about July 10, 2014, when Plaintiff returned from his route, Dukes approached Plaintiff to speak with him about missed pick-ups ("MPUs"). *Id.* ¶ 141. Dukes pretended he wanted to have a "coaching conversation" with Plaintiff to explain how Waste Management customers were missed so that it would not happen in the future. *Id.* ¶¶ 143, 238. Dukes was actually not interested in showing Plaintiff anything and knew that it was Dukes, and not Plaintiff, who was in fact responsible for the customer MPUs. *Id.* ¶¶ 144, 239. According to Plaintiff, Dukes interfered with Plaintiff's training and learning the locations of Waste Management customers, insisting that Plaintiff complete other assignments, which resulted in the MPUs. *Id.* ¶¶ 181, 241. Plaintiff claims Dukes' interference was designed to ensure that Plaintiff failed in his job. *Id.* ¶ 181. Dukes then attempted to place the blame for his poor managerial decisions on Plaintiff. *Id.* ¶ 147. When Plaintiff would not accept responsibility, Dukes became agitated with Plaintiff and Plaintiff accused Dukes of being "out to get him and make him look bad." *Id.* ¶¶ 126, 148, 143. Dukes walked away from Plaintiff for 15 minutes, and during that time Dukes called Snow, a district manager, and reported that "[Plaintiff] continued his rant that I was out to get him and make him look bad." *Id.* ¶¶ 126-29, 148, 182, 243. Hoffman, the human resources manager, and Snow failed to investigate Plaintiff's complaint about Dukes, which Dukes had relayed to Snow. *Id.* ¶¶ 127, 129, 182. Dukes then returned and sat down with Plaintiff in an attempt to have another coaching conversation. *Id.* ¶¶ 126-28.

3

Dukes reported that Plaintiff was disgruntled, would not admit fault for missing customer routes, and that Plaintiff had been insubordinate, all of which Plaintiff denies. *Id.* ¶¶ 18-19. In response to the encounter between Dukes and Plaintiff, Waste Management purported to initiate an investigation into acts of insubordination and conduct by Plaintiff. *Id.* ¶¶ 3, 4. However, instead of investigating Plaintiff's complaint against Dukes, Snow told Plaintiff to take the day off and return to Waste Management the following Monday, July 14, 2014, to finish discussing Dukes' allegations. *Id.* ¶¶ 24, 127, 132. Plaintiff claims that the effect of Snow's instruction was either a suspension or termination. *Id.* ¶¶ 133, 136. Plaintiff asked Snow if he was being terminated, but Snow responded only that Plaintiff should return the following Monday. *Id.* ¶¶ 26-27. Plaintiff's employment was terminated when he returned to work on July 14, 2014, and the termination was upheld by Hoffman. *Id.* ¶¶ 7, 28.

According to Plaintiff, Waste Management "employed an elaborate scheme," in which Dukes and Snow acquiesced, using "bogus" allegations of insubordination and disciplinary infractions to harm Plaintiff and retaliate against him for opposing Waste Management's discriminatory employment practices because Plaintiff had recorded Dukes and because of Plaintiff's race. *Id.* ¶¶ 142, 192, 202, 237. For example, on or about May 5, 2014, Waste Management claimed Plaintiff was following a vehicle one second too closely, which Plaintiff disputed. *Id.* ¶ 193. Although Waste Management later agreed with Plaintiff, the infraction was noted in his employee file. *Id.* ¶ 256(a).[1] Dukes also asked Plaintiff to sign three disciplinary infractions for Plaintiff allegedly failing to wear a hard hat in violation of company policy, which Plaintiff disputed. *Id.* ¶¶

---

[1] There are two consecutive paragraphs numbered 256 in the Amended Complaint, and for ease of reference they will be noted as 256(a) and 256(b).

4

196-99, 256(b). Plaintiff later learned that although Dukes ultimately tore up the hard-hat write-ups, the disciplinary actions were disguised as verbal warnings and secretly placed in his employee file. *Id.* ¶¶ 256-58.

Plaintiff disputes that his actions were insubordinate and claims the investigation, subsequent disciplinary action, termination and the reporting process were "tainted, biased and/or implemented in a discriminatory manner." *Id.* ¶ 5. Plaintiff alleges Defendants denied him a fair investigation of Dukes' complaints, as required by Waste Management's employment handbook and policies. *Id.* ¶¶ 7, 21. Plaintiff alleges Dukes and Snow violated company policy and procedure in providing the human resources department with incomplete, false, libelous and misleading information, and Waste Management and Hoffman denied Plaintiff the opportunity to discover who, if anyone, had corroborated Dukes' frivolous accusations. *Id.* ¶¶ 22-23. Plaintiff asserts that his termination was in retaliation for "numerous" complaints he made regarding Waste Management's discriminatory employment practices, Dukes and Snow, and substandard collection equipment, rather than the false insubordination charge. *Id.* ¶¶ 224, 244. For example, on or about July 3, 2014, Defendants attempted to get Plaintiff to quit his job "soon after Plaintiff had complained about the discriminatory practices and his treatment at Waste Management" by assigning him to clean human waste in portable toilets when other drivers were available and this was not part of Plaintiff's job. *Id.* ¶¶ 190-91. Dukes and Snow wanted to terminate Plaintiff's employment in order to avoid being sued as a result of Plaintiff's lawsuit against Jason Jordan and the City of Wilmington, in which Dukes and Snow are named defendants. *Id.* ¶¶ 177-79.

Waste Management did not terminate or discipline similarly situated white co-workers, Alvie Shipman ("Shipman"), Dennis Stahl ("Stahl"), or Doug Randall ("Randall"), despite Waste

5

Management's knowledge of their violations of company policy. *Id.* ¶¶ 30, 199. For example, on or about May 21, 2014, Plaintiff was a passenger training with Shipman and witnessed Shipman engage in a verbal altercation with Dukes over a two-way radio regarding a Waste Management vehicle, during which Shipman called Dukes a liar. *Id.* ¶¶ 46-47, 49, 51-58. On or about May 27, 2014, at an employee safety meeting where Plaintiff was seated next to Stahl, Plaintiff witnessed Stahl curse at Dukes in response to Dukes telling Stahl the two would have a discussion after the meeting. *Id.* ¶¶ 69-72. On or about June 10, 2014, Plaintiff witnesses Randall exhibit "gross insubordination" toward Dukes by displaying threatening body language, pointing his finger violently at Dukes, directing multiple expletives at Dukes, and refusing to do certain work as directed by Dukes, all in front of Waste Management co-workers. *Id.* ¶¶ 86-110. Plaintiff recorded each of these incidents. *Id.* ¶¶ 50, 73, 95. The Waste Management handbook identifies prohibited employee misconduct to include the use of insulting, threatening or abusive language toward a supervisor. *Id.* ¶¶ 60, 77, 111. Despite the verbal disrespect to Dukes by Shipman, Stahl, and Randall, Waste Management ignored and condoned their behavior. *Id.* ¶¶ 61, 78, 112. Defendants treated Shipman, Stahl, and Randall differently than Plaintiff because Dukes did not report their actions to Snow and Snow did not advise them to take the day off and return to discuss the behavior. *Id.* ¶¶ 62-66, 82. Plaintiff alleges Shipman, Stahl, and Randall were not in a protected class, had the same job position, status, and skill level, but were treated differently than Plaintiff. *Id.* ¶ 118. Shipman, Stahl and Randall were allowed by Waste Management to keep their jobs, but Plaintiff was fired for virtually the same conduct, insubordination, in retaliation and because of his race. *Id.* ¶¶ 66, 83, 118-123.

Plaintiff filed a formal charge of discrimination with the the EEOC, receiving his notice of right

6

to sue on or about October 22, 2014. *Id.* ¶ 12. Plaintiff seeks declaratory and injunctive relief, monetary damages, reinstatement, back pay, front pay, compensatory and punitive damages and attorney fees and costs, pursuant to Title VII, 42 U.S.C. §§ 1981, 1981A and 1988, as well as the common law of North Carolina. *Id.* ¶ 8.

## III. ANALYSIS

### A.    Plaintiff's Motion in Limine [DE-23]

Plaintiff seeks an order from the court preventing Defendants' present counsel from "excluding, undoing, omitting, retracting, denying, correcting, substituting, or attempting to exclude, undo, omit, retract, deny, correct or substitute" certain statements contained in the position statement submitted to the EEOC on behalf of Waste Management on September 10, 2014. [DE-23]. Plaintiff's motion for a pre-trial evidentiary ruling is premature, where the parties have yet to participate in a Rule 26(f) discovery scheduling conference and the court has not yet issued a scheduling order governing the time for the parties to complete discovery and file motions. Fed. R. Civ. P. 16(b)(1), (3)(A); *see Singletary ex rel. N.M.M. v. Cumberland Cnty. Sch.*, No. 5:12-CV-744-FL, 2014 WL 4101226, at *1 (E.D.N.C. Aug. 18, 2014) (unpublished) (denying *pro se* plaintiff's motion in limine to exclude medical records as premature when filed during the pendency of discovery); *Emrit v. Am. Communs. Network*, No. 1:13CV776, 2013 WL 5655459, at *1 (M.D.N.C. Oct. 15, 2013) (unpublished) (denying as premature *pro se* plaintiff's motion in limine filed prior to service of process and issuance of a scheduling order).   Having considered the nature of relief sought in Plaintiff's motion and the present posture of the case, the court finds Plaintiff's motion to be premature. Accordingly, Plaintiff's motion [DE-23] is denied without prejudice.

7

**B.     Plaintiff's Motion to Take Judicial Notice [DE-31]**

Plaintiff filed a motion for judicial notice in support of his response in opposition to Defendants' motion to dismiss. [DE-31] at 1, 14. In particular, Plaintiff asks the court to take judicial notice of the following: (1) photocopies of described "Drivecam" video evidence referring to Waste Management of Wilmington, submitted as part of Plaintiff's EEOC proceedings, Pl.'s Resp., Ex. 8 [DE-29-8]; (2) purchase order documents in the name of Waste Management of Wilmington, *id.*, Ex. 3 [DE-29-4]; (3) the results of an internet search query showing an entity named "Waste Management of Wilmington" at 3920 River Rd., Wilmington, NC 28412, *id.*, Ex. 1 [DE-29-2]; (4) Rule 4(m) of the Federal Rules of Civil Procedure, permitting the court to extend the time for service when the plaintiff shows good cause for the failure to properly serve; (5) the speculative and prejudicial nature of defense counsel's argument regarding ineffective service; (6) defense counsel's argument that Plaintiff failed to state a retaliation or discrimination claim; (7) defense counsel's attempts to "change course and otherwise attempt to deny committing perjury" in relation to Defendants' argument (i) that Plaintiff's evidence of his route system "Drivecam" and internet search is not authenticated even though it was initially submitted to the EEOC for use against Plaintiff, and (ii) that Waste Management never operated under the name Waste Management of Wilmington; and (8) defense counsel's offer of a "shifting explanation" for Snow's alleged perjury and defense counsel's assertion that Waste Management had no control of Plaintiff's Drivecam evidence or the portable toilet and hand washing station transactions, despite the documents being signed by Waste Management. [DE-31] at 1-14. Much of Plaintiff's motion consists of argument in support of his claims for relief. *Id.*

Federal Rule of Evidence 201 provides that a court may take judicial notice of facts that are

8

not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The materials Plaintiff requests the court take notice of relate to the very issues in dispute—service and identity of the proper parties—and are therefore not proper for judicial notice. *See Jehovah v. Clarke*, 620 F. App'x 202, 204 (4th Cir. 2015) (unpublished) (citing *United States v. Hawkins*, 76 F.3d 545, 551-52 (4th Cir. 1996) (observing that under Fed. R. Evid. 201, the court may not take judicial notice of facts subject to reasonable dispute)). Additionally, Plaintiff's motion consists largely of argument directed to Defendants' motion to dismiss, and having already submitted his responsive brief [DE-29], Plaintiff's motion is effectively a surreply. However, "[n]either the Federal Rules of Civil Procedure nor this court's local rules of procedure provide for the filing of surreply briefs." *See Ivanova-Nikolova v. East Carolina Univ.*, No. 4:08-CV-209-BR, 2011 WL 2462468, at *5 (E.D.N.C. June 17, 2011) (unpublished) (citing Local Civil Rule 7.1 (proper motion practice consists only of a motion and an accompanying supporting memorandum, a response, and a reply, and reply briefs are discouraged); *Freeman v. City of Fayetteville*, 971 F. Supp. 971, 973 n.1 (E.D.N.C. 1997) ("The Local Rules of this court do not allow for the submission of surreplies.")). Accordingly, Plaintiff's motion to take judicial notice [DE-31] is denied.

## C. Defendants' Motion to Dismiss [DE-24]

### 1. Standard of Review

A motion under Rule 12(b)(4) challenges the sufficiency of process, while a Rule 12(b)(5) motion challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(4), (5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to

9

a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Henderson v. Rosen*, No. 5:13-CV-635-FL, 2013 WL 6097534, at \*3 (E.D.N.C. Nov. 20, 2013) (unpublished) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)), *aff'd sub nom. Henderson v. Town of Hope Mills*, 594 F. App'x 195 (4th Cir. 2015). "Nevertheless, 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Id.* (quoting *Armco*, 733 F.2d at 1089). "The plaintiff bears the burden of establishing that process has been properly served." *Id.* (citing *McDaniel v. Greyhound Lines, Inc.*, No. 3:08-CV-130-FDW, 2008 WL 2704774, at \*4 (W.D.N.C. July 7, 2008); *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate." *Davis v. Matroo*, No. 5:13-CV-00233-BO, 2013 WL 5309662, at \*2 (E.D.N.C. Sept. 19, 2013) (unpublished) (citing *Dimet Proprietary, Ltd. v. Indus. Metal Protectives*, 109 F. Supp. 472, 475 (D. Del. 1952)).

Pursuant to Rule 12(b)(6), a court may dismiss an action which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains

10

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Supreme Court has also stated that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A *pro se* complaint involving civil rights issues must be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts setting forth a cognizable claim under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that the court is not required to "conjure up questions never squarely presented.").

## 2. Claims Against Waste Management

Defendants contend the claims against Waste Management should be dismissed pursuant to Rules 12(b)(4) and (b)(5) because the summons issued to Waste Management was facially deficient and not properly served. Defs.' Mem. [DE-25] at 9-13. Specifically, Defendants assert (1) that the

11

summons names an entity that does not exist, "Waste Management of Wilmington," and fails to identify any of the parties authorized to accept service on behalf of Waste Management of Carolinas, Inc., the company that employed Plaintiff, *id.* at 11-12; and (2) that Plaintiff's attempted service on Waste Management was defective because he sent the summons to his former place of business with no specific agent or individual identified, and the individual who signed for the summons was not an officer, director, or managing agent of Waste Management, *id.* at 12-13. Plaintiff contends that Defendants waived any defense under Rules 12(b)(4) or (5), because their motion to dismiss is in fact a disguised answer,[2] and Plaintiff cured the defective service on Waste Management by serving its agent CT Corporation. Pl.'s Resp. [DE-29] at 3-9. In reply, Defendants contend that Plaintiff's attempt to cure the defective service on Waste Management fails because the new summons was not issued by the court, service of the new summons was untimely, and it appears Plaintiff personally served the summons on CT Corporation. Defs.' Reply [DE-30] at 3-5. Assuming without deciding that Waste Management was properly named in the summons, the claims against Waste Management are subject to dismissal pursuant to Rule 12(b)(5), because Plaintiff failed to effect proper service of the summons on Waste Management.

Rule 4 of the Federal Rules of Civil Procedure provides in relevant part:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment

---

[2] This unsupported argument is summarily rejected as patently frivolous.

12

Case 7:15-cv-00014-FL   Document 33   Filed 02/16/16   Page 12 of 26

or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Under North Carolina law, proper service may be made on a corporation by one of the following:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. R. Civ. P. 4(j)(6). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days[3] after the complaint was filed on January 16, 2015 to serve Waste Management. Fed. R. Civ. P. 4(m); *see Filloramo v. United Event Serv.*, No. 3:13CV348-RJC-DSC, 2015 WL 2381047, at *3 (W.D.N.C. Mar. 26, 2015) (filing an amended complaint does not restart the 120-day service period except as to newly-added defendants) (citations omitted), *adopted by* 2015 WL 2400808 (W.D.N.C. May 19, 2015). If a defendant is not served within the time allowed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a

---

[3] The time for service was shortened to 90 days in the latest amendments to the Federal Rules effective December 1, 2015; however, the 120-day period was in effect at the time Plaintiff filed his complaint.

13

specified time." Fed. R. Civ. P. 4(m). The rule requires the court to extend the time for service if the plaintiff shows good cause for the failure of service. *Id.* "Good cause requires reasonable and diligent efforts to effect service within the 120-day limit." *Freeman v. Bennett*, No. 5:12-CT-3147-FL, 2013 WL 4460916, at \*5 (E.D.N.C. Aug. 20, 2013) (internal quotation marks and citations omitted).

The summons to the corporate defendant in this matter is directed to "Waste Management of Wilmington," but does not include an "officer, director, or agent" of Defendant Waste Management as required. [DE-3] at 1; *see* N.C. R. Civ. P. 4(j)(6). This court and other federal courts in North Carolina have held that service directed only to a corporation or other entity is not proper under North Carolina law. *See Choice Hotels Int'l, Inc. v. Amcee Enterprises, Inc.*, No. 5:13-CV-200-F, 2014 WL 3778932, at \*2 (E.D.N.C. July 31, 2014) (unpublished) (finding service was not proper where "there is no indication that the copy of the summons and complaint was addressed to an 'officer, director, or agent' of Defendant Amcee Enterprises, as required by North Carolina law."); *Henderson v. Los Angeles Cty.*, No. 5:13-CV-635-FL, 2013 WL 6255610, at \*4 (E.D.N.C. Dec. 4, 2013) (unpublished) ("In North Carolina, to properly serve a corporation, partnership, or other association, service also must be directed to an appropriate officer, partner, agent, *et cetera*" and "[t]herefore service simply directed to 'Clinton & Clinton' was not proper under North Carolina law.") (citing N.C. R. Civ. P. 4(j)(6), (7), (8)); *McGrady v. Roxie Ave. Treatment Ctr.*, No. 5:11-CV-146-D, 2011 WL 4715206, at \*1-2 (E.D.N.C. Sept. 2, 2011) (unpublished) (recommending dismissal of complaint for failure to comply with either the Federal or North Carolina service of process rules where the summons and complaint were addressed to "Roxie Avenue Treatment Center" and signed for by an individual whom the *pro se* plaintiff failed to demonstrate was an officer, director, agent

or attorney-in-fact for the entity defendant), *adopted by* 2011 WL 4715205 (E.D.N.C. Oct. 5, 2011); *Adams v. GE Money Bank*, No. 1:06-CV-00227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (unpublished) (dismissing plaintiff's complaint as to a corporation where plaintiff failed to mail a copy of the summons and complaint "to the officer, director, or managing agent" of the corporation).

The record before the court shows that the summons was received by Waste Management via certified mail and was signed for by Retha Ziegler ("Ziegler") who is employed as an hourly, administrative employee and not an officer, director, managing agent or individual otherwise authorized to accept service of process for Waste Management. Proof of Service [DE-6] at 3; Decl. of Annie Laura Snow [DE-25-1] ¶¶ 5-7. Plaintiff offers no evidence to rebut Defendants' evidence that Ziegler is not authorized to accept service on behalf of Waste Management. Pl.'s [DE-29] at 3-4, 8-9. Although Plaintiff argues Snow's declaration contains perjured statements, these are unsupported objections and appear limited to Plaintiff's argument that Waste Management has been properly identified in the summons and complaint, which this court has assumed for purposes of its 12(b)(5) discussion. Pl.'s Mem. [DE-29] at 23-31. Moreover, to the extent Plaintiff argues Waste Management's actual notice of the complaint cures any failure of service, this argument has been rejected.

> The filing of a lawsuit is a serious event, irrespective of its merit. Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

*Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07CV00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (unpublished) (citations omitted); *Choice Hotels*, 2014 WL 3778932, at *2 (same).

Because "North Carolina requires that service of process statutes be strictly construed and followed . . . even where defendants have actual notice of the action," *Adams*, 2007 WL 1847283, at \*3 (citations omitted), Plaintiff failed to properly serve Waste Management by certified mail.

In his response to Defendants' motion to dismiss, Plaintiff has not articulated any reason for his failure to properly serve Waste Management, but instead asserts that he properly served Waste Management through its registered agent CT Corporation System ("CT Corporation") sometime before he filed his responsive brief. Pl.'s Resp. [DE-29] at 9. In their reply brief, Defendants state that on July 2, 2015, a summons was served on Waste Management's registered agent, CT Corporation. Defs.' Mem. [DE-30] at 4, Ex. A [DE-30-1]. Defendants contend the summons Plaintiff served on CT Corporation is a copy of the original summons issued by the clerk of court, reflecting the original date of issuance as well as the original docket entry of the summons, that has been modified by Plaintiff to include the proper corporate entity "Waste Management of Carolinas, Inc." *See id.*, Ex. A [DE-30-1]; [DE-3] at 1. However, Defendants argue service is defective for three reasons: (1) the summons served on its registered agent was not issued by the court, Defs.' Mem. [DE-30] at 4 (citing Fed. R. Civ.P. 4(a)(1)(F) & (G); *Justice v. Farley*, No. 5:13-CV-343-D, 2014 WL 229127, at \*5 (E.D.N.C. Jan. 21, 2014)); (2) service of the new summons was untimely because it was not served until July 2, 2015, after the 120-day service period, *id.* at 4-5 (citing Fed. R. Civ. P. 4(m)); and (3) it appears Plaintiff personally served the summons on CT Corporation, where he secured a business card from one of its agents, *id.* at 5 (citing [DE-29-7] at 2). The third argument raised by Defendants is dispositive here.

Pursuant to Rule 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2); *see Deo v. N.C. Dep't of Env't & Nat. Res.*, No.

16

5:13-CV-323-D, 2014 WL 3738448, at \*1 (E.D.N.C. July 29, 2014) (unpublished) ("[A] non-party must serve the summons. The plaintiff may not serve the defendant.") (citations omitted); *Follum v. N.C. State Univ.*, No. 5:08-CV-526-FL, 2009 WL 2869927, at \*2 (E.D.N.C. Sept. 2, 2009) (unpublished) (concluding a plaintiff is not a proper process server under North Carolina law), *aff'd*, 370 F. App'x 405 (4th Cir. 2010). Under North Carolina law, when a defendant appears and challenges proof of personal service, the Plaintiff may demonstrate proof of service by filing and affidavit from the person who served the summons[4] showing, among other things, the person's "qualifications to make service under Rule 4(a) or Rule 4(j3) of the Rules of Civil Procedure." N.C. Gen. Stat. § 1-75.10(a)(1). "The filing of an affidavit of service that complies with the requirements set out in [N.C. Gen. Stat. § ] 1–75.10 . . . creates a rebuttable presumption of valid service." *Garrett v. Burris*, 775 S.E.2d 926, 2015 WL 4081832, at \*3 (N.C. Ct. App. July 7, 2015) (quoting *Kahihu v. Brunson*, 758 S.E.2d 648, 652 (N.C. Ct. App. June 3, 2014)).

Plaintiff, in his motion to take judicial notice, responded that Defendants' assertion Plaintiff appears to have personally served the summons is speculative and "it is more likely than not that a simple telephone call to CT Corporation by counsel would have revealed that the Summons and Complaint was served by Janice Pomeroy, not [Plaintiff]." Pl.'s Mot. [DE-31] at 7. Plaintiff has failed to submit the requisite affidavit meeting the requirements of N.C. Gen. Stat. § 1-75.10(a)(1) from the person who effected service on the registered agent, and Plaintiff's statements without more are insufficient to carry his burden of demonstrating proof of service. *See Henderson*, 2013 WL 6097534, at \*3 ("The plaintiff bears the burden of establishing that process has been properly

---

[4] There is no evidence in the record that Plaintiff attempted to serve the summons on CT Corporation by registered or certified mail. Moreover, the rule prohibiting a party from effecting service applies even to service by mail. *See Deo*, 2014 WL 3738448, at \*1.

17

Case 7:15-cv-00014-FL   Document 33   Filed 02/16/16   Page 17 of 26

served."). To the extent Plaintiff's belated attempt of serving Waste Management through its registered agent is offered as good cause to avoid dismissal under Rule 4(m) or to obtain an extension of time to effect service, it is ineffective. *See Deo*, 2014 WL 3738448, at \*2 (dismissing *pro se* plaintiff's complaint for failure to effect service during the 120-day period and finding no good cause or excusable neglect to justify an extension of the time where the plaintiff improperly attempted to personally serve the defendant by mail); *Follum*, 2009 WL 2869927, at \*2 (dismissing *pro se* plaintiff's complaint pursuant to Rule 12(b)(5) and declining to excuse the failure due to actual notice or lack of prejudice where plaintiff personally served the summons and amended complaint on the individual defendants through the U.S. mail). Accordingly, it is recommended the claims against Defendant Waste Management be dismissed without prejudice for failure to effect proper service.

## 3. Claims Against the Individual Defendants

Defendants contend that the claims asserted by Plaintiff under Title VII and for wrongful discharge under North Carolina law fail as a matter of law pursuant to Rule 12(b)(6) because they are not actionable against individual defendants such as Hoffman,[5] Snow, and Dukes. Defs.' Mem. [DE-25] at 15-17. Plaintiff does not respond to this particular argument. Pl.'s Resp. [DE-29] at 1-36.

### a. Claims Under Title VII and for Wrongful Discharge

Plaintiff names individual defendants Dukes, Snow and Hoffman in the Amended Complaint. [DE-18]. According to Plaintiff's allegations, Dukes is a supervisor, Snow is a district manager, and

---

[5] For the purpose analyzing the claims asserted against the individual defendants, it is assumed without deciding that Plaintiff obtained effective service upon Hoffmann.

Hoffman is the human resources manager. *Id.* ¶¶ 5, 7, 16. Individuals, however, are not liable under Title VII. *See Moody-Williams v. LipoScience*, 953 F. Supp. 2d 677, 682 (E.D.N.C. 2013) ("Only an 'employer' is liable under Title VII; the statute does not permit individual liability.") (citing *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations" because an individual supervisor is not the plaintiff's "employer")); *Ward v. Coastal Carolina Health Care, P.A.*, 597 F. Supp.2d 567, 570 (E.D.N.C. 2009) ("[I]ndividual employees of corporate entities . . . are not liable in their individual capacities for Title VII violations because such individuals are not 'employers' under Title VII") (citations omitted). Accordingly, where further amendment to the complaint could not cure this legal defect, *see Ward*, 597 F. Supp. 2d at 570, it is recommended Plaintiff's Title VII claims against Defendants Dukes, Snow and Hoffman be dismissed with prejudice.

Likewise, only employers and not individuals may be held liable for wrongful discharge under North Carolina law. *See Iglesias v. Wolford*, 539 F. Supp. 2d 831, 839 (E.D.N.C. 2008) ("[A] plaintiff may only bring a wrongful discharge action against the plaintiff's employer, not against the employer's agents.") (citing *Garner v. Rentenbach Constructors, Inc.*, 350 N.C. 567, 572, 515 S.E.2d 438, 441 (1999)). Accordingly, where further amendment to the complaint could not cure this legal defect, *see Ward*, 597 F. Supp. 2d at 570, it is recommended Plaintiff's claims of wrongful discharge against Dukes, Snow and Hoffman be dismissed with prejudice.

### b. Claims under 42 U.S.C. § 1981

Plaintiff, within two introductory paragraphs of the amended complaint, asserts he is seeking relief authorized by 42 U.S.C. §§ 1981, 1981A, 1988. Am. Compl. [DE-18] ¶¶ 8, 9. However, Plaintiff's factual allegations throughout the remainder of his amended complaint refer only to Title

19

VII and/or wrongful discharge claims. However, construing the *pro se* Plaintiff's complaint liberally, the court will consider whether Plaintiff has stated a claim against the individual defendants under § 1981.

The elements necessary to establish a discrimination or retaliation claim under Title VII and § 1981 are the same. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (citations omitted); *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543 (4th Cir. 2003). In order to adequately plead a case of disparate treatment under 42 U.S.C. § 1981 to withstand a Rule 12(b)(6) motion, absent direct evidence, a plaintiff must allege sufficient facts showing: (1) that he is a member of a protected class; (2) whose job performance was satisfactory; (3) that he was subjected to an adverse employment action; and (4) that similarly situated employees outside his class received more favorable treatment. *See Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). "[T]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Fulford v. Daughtry*, No. 4:11-CV-103-FL, 2013 WL 2458368, at \*10 (E.D.N.C. June 6, 2013) (unpublished) (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004)). To establish a prima facie case of retaliation under § 1981, a plaintiff must demonstrate (1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action. *See Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), '[f]actual allegations

must be enough to raise a right to relief above the speculative level[.]'" *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555); *see Campbell v. Enter. Holdings, Inc.*, No. 5:11-CV-424-FL, 2011 WL 6780791, at \*3 (E.D.N.C. Dec. 27, 2011) (unpublished) ("[T]he Fourth Circuit has not interpreted *Swierkiecwicz* as removing the burden of a plaintiff to plead facts sufficient to state all the elements of his claim.") (citing *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003)).

To the extent Plaintiff's amended complaint is construed to contain a claim for disparate treatment or retaliation under § 1981, his allegations are directed exclusively to the actions of Waste Management, rather than the individual defendants. *See* Am. Compl. [DE-18] ¶¶ 37-138 (*e.g.*, ¶ 41 - Waste Management took adverse employment action against Plaintiff; ¶ 43 - Waste Management did not suspend or terminate similarly situated employees; ¶ 113 - Plaintiff was treated in a disparate manner due to Waste Management's discriminatory employment practices; ¶ 125 - Waste Management knew of Plaintiff's workplace complaint against Dukes; ¶ 131 - Waste Management took adverse employment action against Plaintiff; ¶ 135 - Waste Management retaliated against Plaintiff for opposing discriminatory practice). For this reason, Plaintiff's § 1981 claims should be dismissed against the individual defendants.

Additionally, with respect to a disparate treatment claim, Plaintiff has failed to allege a plausible claim for relief where there are no facts alleged regarding whether his job performance was satisfactory at the time of his discharge. Rather than providing facts from which it can be inferred that he was meeting his employer's expectations at the time of his discharge, Plaintiff has simply asserted that he was performing his job satisfactorily. *See id.* ¶ 2 ("Plaintiff had performed his duties in a professional and outstanding manner."); ¶ 39 ("Plaintiff met or exceeded Waste Management's

21

legitimate expectations as a Swing Driver."). Plaintiff's conclusory allegations fall short of the pleadings requirement. *See Johnson v. United Parcel Serv., Inc.*, No. RDB-14-4003, 2015 WL 4040419, at *8 (D. Md. June 30, 2015) (unpublished) (dismissing disparate treatment claim where plaintiff failed to "allege any facts showing that she performed her job satisfactorily" and concluding that "[a]lthough [plaintiff] allege[d] that, '[d]uring all relevant times of the Complaint, Plaintiff performed her duties in a satisfactory manner,' such conclusory statements do not permit the plaintiff's claim to 'rise above speculation.'"); *Tohotcheu v. Harris Teeter, Inc.*, No. 1:11-CV-767, 2011 WL 5873074, at *3 (E.D. Va. Nov. 22, 2011) (unpublished) (dismissing discrimination claim for failing to allege facts in support of the conclusory allegation that plaintiff "was a 'very good and outstanding employee' who completed his work beyond his employer's expectations in order to show that he was performing satisfactorily at the time of the termination."). *See also Goode v. Cent. Legal Aid Soc'y*, No. 3:14CV281, 2014 WL 3945870, at *5 (E.D.V.A. Aug. 12, 2014) (unpublished) (in dismissing complaint without prejudice, finding that Plaintiff's allegation that he "has always met or exceeded the performance expectations of [his employer]" is insufficient to show that his employer was satisfied with his job performance at the time of his termination), *appeal dismissed, cause remanded sub nom. Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015) (remanding with instructions to allow Plaintiff to amend his complaint). Accordingly, Plaintiff has failed to state a plausible claim for disparate treatment under ¶ 1981 and it is recommended that this claim be dismissed without prejudice.

Plaintiff has also failed to state a plausible claim for retaliation where the facts as alleged do not demonstrate Plaintiff engaged in protected activity. Protected activity may be either oppositional or participatory. *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998).

22

Participatory activity encompasses, as outlined in the statute, making a charge, testifying, assisting, or participating in any manner in a Title VII investigation, proceeding, or hearing. *Id.* (citing 42 U.S.C. § 2000e-3(a)). "The participation clause 'protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the [Equal Employment Opportunity Commission ("EEOC")]; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC." *Gethers v. Harrison*, No. 5:12-CV-430-F, 2014 WL 28814, at *4 (E.D.N.C. Jan. 2, 2014) (unpublished) (quoting *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000)). Oppositional activities are those that oppose discriminatory practices in the workplace, such as "utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Id.* (quoting *Laughlin*, 149 F.3d at 259). Protected oppositional activities may include "complain[ts] . . . about suspected violations," *Bryant*, 333 F.3d at 543-44; *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005). To be considered protected activity, opposition activity must respond to "employment actions actually unlawful under Title VII" and also "employment actions an employee reasonably believes to be unlawful." *Navy Fed. Credit Union*, 424 F.3d at 400.

Plaintiff's allegations are rife with labels and conclusions of "protected activity" while his factual allegations related to the nature of his protected activity are vague. The only specific instance Plaintiff has identified as protected activity is the following statement made by Plaintiff to Dukes, which Dukes related to Snow: "[Plaintiff] continued his rant that I was out to get him and make him look bad." Am. Compl. [DE-18] ¶ 126. Plaintiff alleges during the 15 minutes that Dukes stepped away from Plaintiff before attempting to have another counseling session, Waste Management had

23

the opportunity to inquire as to "why Plaintiff would make the [] 'you're out to get me' claims that he did, but Waste Management and Snow did not." *Id.* ¶ 127; *see also id.* ¶ 129. Plaintiff's general statement that he thought Dukes was "out to get him" does not rise to the level of protected activity, where it conveys no sense that Plaintiff believed he was the victim of unlawful workplace discrimination. *See Conyers v. Va. Hous. Dev. Auth.*, 927 F. Supp. 2d 285, 295 (E.D. Va.) ("[T]he employee must complain about activity that constitutes unlawful discrimination under Title VII, rather than about unfair treatment generally.") (citing *Richardson v. Richland Cnty. Sch. Dist. No. One*, 52 F. App'x 615, 617 (4th Cir. 2002) (unpublished) (holding that a plaintiff could not show that she engaged in protected activity because she did not present evidence that she informed her employer that her complaints were based on race or age discrimination); *Monk v. Potter*, 723 F. Supp. 2d 860, 880 (E.D.Va. 2010) ("Title VII does not prohibit retaliation against employees who do not allege unlawful discrimination"); *Mixon v. Charlotte-Mecklenburg Sch.*, No. 3:11-CV-228-MOC-DSC, 2011 WL 5075808, at *6 (W.D.N.C. Aug. 5, 2011) (unpublished) ("Title VII requires that employees provide some kind of notice to their employer that they are complaining about prohibited practices covered by the statute. Generalized complaints about disputes or annoyances in the workplace are insufficient"); *Gray v. Walmart Stores, Inc.*, No. 7:10-CV-171-BR, 2011 WL 1831780, at *6-7 (E.D.N.C. May 12, 2011) (finding no protected activity where the plaintiff's emails to management did not mention racial discrimination, harassment, or retaliation)), *aff'd*, 533 F. App'x 342 (4th Cir. 2013).

Likewise, Plaintiff's allegation that Dukes did not in fact "want[] to show [Plaintiff] the location of the customer's [sic] and how they were missed, so that this would not happen in the future," but rather wanted to shift the blame for the missed routes from Dukes to Plaintiff is not a

24

complaint about unlawful discrimination. Am. Compl. [DE-18] ¶ 137, 143-44. And while Plaintiff generally alleges that he complained on other occasions about Waste Management's discriminatory practices, there are no factual allegations regarding the substance or the timing of those complaints. *See, e.g.*, Am. Compl. [DE-18] ¶ 224 (alleging Waste Management, Dukes, and Snow were aware of Plaintiff's July 10, 2014 complaint and "each other relevant time Plaintiff made his complaints known"), ¶ 244 (alleging Plaintiff was retaliated against for opposing discriminatory employment practices, Plaintiff's "concerns about WM substandard collection equipment," and "numerous complaints" against Dukes and Snow, rather than false charges of insubordination). Even recognizing that the amended complaint of the *pro se* Plaintiff must be construed liberally and that "detailed factual allegations" are not required to survive a Rule 12(b)(6) motion, *Twombly*, 550 U.S. at 555, the conclusory allegations of protected activity here are insufficient to state a claim and the only facts alleged in support do not constitute protected activity. Plaintiff has not alleged sufficient facts from which the court may "infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, and has thus failed to state a claim of retaliation under § 1981. Accordingly, it is recommended this claim be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion in limine [DE-23] and motion to take judicial notice [DE-31] are DENIED and it is RECOMMENDED that Defendants' motion to dismiss [DE-24] be ALLOWED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **March 1, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must

25

conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

ORDERED and SUBMITTED, the 16th day of February 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

26