IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

SOUTHERN DIVISION

EDWARD W. ANDERSON

   *Plaintiff,*

v.

WASTE MANAGEMENT OF
WILMINGTON, TAMMIE HOFFMAN
LAURA SNOW, and ,DONOVAN DUKES

   *Defendants.*

Case No. 7:15-cv-14-FL

MOTION FOR RECONSIDERATION
AND FOR ORDER VACATING
DISMISSAL OF COMPLAINT
PURSUANT TO
RULE 59(e) and 60(b)(3)

> Motion DENIED
>
> This the 7th day of _____June , 2016 .
>
> /s/ Louise W. Flanagan

---

   COMES NOW Plaintiff, Edward W. Anderson in the above entitled action and hereby respectfully moves this court to grant the motion for consideration and that the court after review, issue an order vacating the previous order entered in this action on March 28, 2016 dismissing Plaintiffs' amended complaint against Defendants. In support of the motion Plaintiff states as follows:

   Plaintiff Edward W. Anderson ("Anderson") respectfully requests that this court reconsider its decision of March 28, 2016, holding that the Employer and its defense counsel, Justin Howard ("Howard") have knowingly misled the court and intentionally and knowingly misrepresented crucial facts to the factfinder in this case.

### Background

On February 17, 2016, Justin Howard ("Howard") filed with this Court, a sworn affidavit from Defendant Laura Snow, District Manager with Waste Management. Snow, under penalty of perjury, vehemently denied to this Court that she ever heard of Waste Management of Wilmington, and that it did not exist. In contrast, Howard argued that Waste Management of Carolinas Inc, was Plaintiffs' proper employer.

To be sure, the record shows that Howard argued the following defense to this Court:

[sic] <u>Waste Management of Wilmington is a fictional entity and, as set forth in Defendants Memorandum in Support of Motion to Dismiss, is not a proper party to this action. See Dkt No.25-1. Paragraph 4-8. As set forth in defendants' opening Memorandum, the proper corporate party would be Plaintiffs' former employer, Waste Management of Carolinas, Inc.</u>" *Id.*

## **The Order Dismissing Plaintiffs' Amended Complaint Should be Set Aside for Defendants fraud upon the court Pursuant to Rule 60(b)(3)**

The Court order dismissing the Amended Complaint should be vacated and set aside on ground Defendants have wilfully submitted perjured documents constituting a fraud upon the court. The documents Plaintiff reasonably believed, influenced the courts decision in this matter and vacatuar is appropriate under Rule 60(b)(3) which provides:

<u>Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;</u>

2

## **Plaintiffs; Rule 59(e) Newly Discovered Evidence**

On or about February 15, 2016, (6) months later, after he filed that defense with this court, Plaintiff has learned that Howard knowingly communicated by email with an attorney from McAngus Goudelock & Courie PLLC, Carolyn T. Marcus, about and concerning Plaintiff at which time Howard wilfully failed to inform that attorney of his previous Waste Management of Carolinas Inc, proper entity argument with this court.

Plaintiff has since discovered that sometime around February 2016, and prior to this court dismissing Plaintiffs' amended complaint, Howard recieved and participated in e-mail communications without Plaintiff's knowledge. The attorney not only referred to Waste Management of Wilmington, before a state government agency, but, the Employers' own insurance carrier, Gallagher Bassett Services Inc, also referenced the Employer as Waste Management of Wilmington, not Waste Management of Carolinas Inc, on an official state government document to an official state government agency, the North Carolina Industrial Commission.

Based upon the record, not only did Howard mislead this court with his perjured Snow affidavit, but, Plaintiff was correct that the employer held itself out as Waste Management of Wilmington, as corroborated by (2) separate parties, one being an employment defense attorney, and the other, the employers own insurance carrier, notwithstanding the fact, Plaintiff never spoke to any of them, and they both had nothing to do with Plaintiffs' Title VII lawsuit.

In sum, Plaintiffs' former employer has gone by three different names, before, during,

3

and after the filing of this lawsuit, and after the subsequent dismissal of the Plaintiffs' complaint by this court. Howard has all but failed to provide even one document to this court to rebut Plaintiffs claim that the employer operated as Waste Management of Wilmington. The employers' constant shifting corporate identities, the perjured affidavit, and Plaintiffs' newly discovered evidence speaks directly to Howards 12(b)(4) and (5) motions filed with this court and the court should reconsider the dismissal of Plaintiffs' complaint based on that reason alone.

**Plaintiffs newly discovered evidence rebuts Howards 12(4)and (5) motions to this court and the March 28, 2016 order dismissing the amended complaint should be vacated and Plaintiff granted leave to amend his complaint** .

Based upon Plaintiffs' recently obtained evidence which speaks directly to Defendant's 12(b)(4),(5) and (6) motions, the court should vacate the March 28, 2016 order dismissing Plaintiffs' amended complaint, and grant Plaintiff leave to amend his complaint, and direct Howard and the Defendant employer to explain their deception to the court as to why this court should not levy sanctions on both Howard and Defendants for their wilfulful misrepresentation of material facts.

**Plaintiffs newly discovered evidence rebuts Howards authentication argument to this court and the March 28, 2016 order dismissing the amended complaint should be vacated and Plaintiff granted leave to amend his complaint** .

The Court erred in considering Howards authentication argument, and was an error of law, without more, despite Plaintiffs' overwhelming evidence to the contrary. In

4

particular, the court erred by giving weight to the Howard authentication defense. The record shows Howard offered no supporting corroboration. It was highly prejudicial by the court not to consider Plaintiffs physical documents, as a rebuttal, which were not offered for the truth of the matter asserted, but, to discredit Howards defense responses filed with this court.

Plaintiff has discovered new evidence from (2) outside individuals authenticating the documents in this case. It was error for the court to dismiss Plaintiffs complaint under 12(b)(4) and (5) given defendants penchant for false narratives, the claim of improper service in particular, together with the Defendant employer's litany of shifting corporate names.

Plaintiff respectfully moves the Court to correct a clear error of law or fact, by considering Plaintiff's new evidence and vacating the March 28, 2016 order dismissing his amended complaint. Plaintiff respectfully shows the court that the Rule 59(e) reconsideration motion is particularly appropriate in this case because of the Defendants deceptive and deliberately misleading responses which prevented Plaintiff from recieving a fair review of the material critical facts.

There was surprise which ordinary prudence could not have guarded against. Plaintiff has newly discovered evidence material to rebut the Defendants 12(b)(4),(5) and (6) defenses. There is no evidence or reasonable inference in the record from Howards' arguments which is directly attached to Plaintiffs' new ly discovered evidence that would justify the dismissal of Plaintiffs complaint and the dismissal was contrary to law. Plaintiff timely objected to defendants defenses as perjured, manufactured, misleading, and

5

contrary to law and substantial justice has not been done. Plaintiff respectfully moves the Court to correct a clear error of law or fact, by considering Plaintiff's new evidence and vacating the March 28, 2016 order dismissing his amended complaint.

## Standard for Relief under Rule 59(e)

Plaintiffs' motion is appropriate under Federal Rules of Civil Procedure 59(e) and 56(d) because there has been a final judgment issued by the District Court. "[T]he purpose of [a Rule 59(e) motion is to] allow a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir.1989). "A Rule 59(e) motion is appropriate 'if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" Circuit CityStores, Inc. v. Mantor, 417 F.3d 1060, 1064 (9th Cir. 2005) (citing Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) "[A] Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Dean v. Gilette, 2005 WL 1631093 at *2 (D. Kan. 2005) (citing Servants of Paraclete v. Does, 204F.3d 1005, 1012 (10th Cir.2000).

A motion to reconsider under Rule 59(e) should be granted to correct a clear error, whether of law or of fact, and to prevent a manifest injustice. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law);

6

contrary to law and substantial justice has not been done. Plaintiff respectfully moves the Court to correct a clear error of law or fact, by considering Plaintiff's new evidence and vacating the March 28, 2016 order dismissing his amended complaint.

## Standard for Relief under Rule 59(e)

Plaintiffs' motion is appropriate under Federal Rules of Civil Procedure 59(e) and 56(d) because there has been a final judgment issued by the District Court. "[T]he purpose of [a Rule 59(e) motion is to] allow a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir.1989). "A Rule 59(e) motion is appropriate 'if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" Circuit CityStores, Inc. v. Mantor, 417 F.3d 1060, 1064 (9th Cir. 2005) (citing Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) "[A] Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Dean v. Gilette, 2005 WL 1631093 at *2 (D. Kan. 2005) (citing Servants of Paraclete v. Does, 204F.3d 1005, 1012 (10th Cir.2000).

A motion to reconsider under Rule 59(e) should be granted to correct a clear error, whether of law or of fact, and to prevent a manifest injustice. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law);

6

## Fourth Circuit Court of Appeals

In a case before the Fourth Circuit Court of Appeals,, <u>EEOC v. Lockheed Martin Corp.,116 F.3d 110, 112 (4th Cir. 1997)</u>. Upon a Rule 59(e) motion, the courts have considerable discretion. <u>Lockheed Martin Corp., 116 F.3d at 112</u>. The court can and should correct clear errors in order to "preserve the integrity of the final judgment." <u>Turkmani v. Republic of Bolivia, 273 F. Supp. 2d 45, 50 (D.D.C. 2002)</u>.

The Fourth Circuit affirmed, explaining that "the district court would likely have abused its discretion if it had failed to grant the Rule 59(e) motion." Id. (emphasis in original); see <u>Norman v. Arkansas, 79 F.3d 748, 750 (8th Cir. 1996)</u> (finding abuse of discretion where court refused to reconsider clear factual error); see also <u>Anyanwutaku v. Moore, 151 F.3d 1053, 1058-59 D.C. Cir. 1998)</u> (finding abuse of discretion where court refused to reconsider clear legal error).

CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the motion for reconsideration and vacate its prior decision, thereby permitting the Plaintiff leave to amend his Complaint and in the interest and fairness of justice, that the Court grant Plaintiff leave to amend under Rule 15.

Respectfully submitted,

Edward W. Anderson

Plaintiff *Pro se*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of April, 2016, a copy of the Motion for Reconsideration and Order Vacating Dismissal of Complaint Under rule 59(e) and 60(b)(3) was served upon Defendants through counsel of record by depositing a copy thereof into an official depository under the exclusive care and custody of the U.S. Postal Service first class postage prepaid addressed to the last known address below:

Justin Howard

McGuire Woods LLP

434 Fayetteville Street, Suite 2600

P.O. Box 27507

Raleigh, North Carolina 27611

*Counsel for Defendants*

Edward W. Anderson

( *Plaintiff Pro se* )

P.O. Box 16048

Wilmington, North Carolina 28408

(910) 599-2147

5